IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

David Atkinson,

Plaintiff,

v.

International Association of Machinists and Aerospace Workers, District Lodge 141 of IAMAW, Robert Martinez Jr., International President; Dora Cervantes, General-Secretary-Treasurer; Mike Klemm, President and Directing General Chairman,

Defendants.

## COMPLAINT

The Plaintiff, David Atkinson, for complaint against the Defendants states as follows:

### JURISDICTION AND VENUE

Jurisdiction lies in the Federal District Court of Colorado pursuant to 29 U.S.C. 412, SEC. 102.

Any person whose rights secured by the provisions of this title have been infringed by any violation of this title may bring a civil action in a district court of the United States for such relief (including injunctions) as may be appropriate. Any such action against a labor organization shall be brought in the district court of the United States for the district where the alleged violation occurred, or where the principal office of such labor organization is located.

Venue is proper as the acts complained of occurred in Colorado.

INTRODUCTION

1. This complaint is to rectify an injustice perpetrated against the Plaintiff by the defendants which persists to the present.  The Plaintiff was the duly elected Secretary/Treasurer of the International Association of Machinists and Aerospace Workers, District Lodge 141.  On February 5, 2016 he Defendant, Dora Cervantes, delivered a letter to the Plaintiff suspending him without pay and permanently disqualifying him from holding office in any capacity with the union.

2. Purportedly, this action was necessitated following an informal meeting that there was a shortage of funds totaling $13,045.95.  This shortage was attributed to a moving expense reimbursement paid to the plaintiff after he was required to move by the Lodge.  Although it was customary for the officers of the union to receive reimbursement, and the reimbursement was in fact approved through normal channels, this use of funds was employed as a reason to remove the plaintiff from office.

3. In removing the Plaintiff from office, the Defendants relied on Article VII, Section 5 of the IAM Constitution.  Based on that provision, the Plaintiff was suspended without pay and permanently disqualified from holding any office or representing members of the IAM in any capacity.  The Plaintiff was then informed that he could request an appeal.

4. The Plaintiff did request an appeal and on September 15, 2016 he was informed that the IAM Executive Council concluded that there was no basis to grant the Plaintiff's appeal.  Accordingly, the decision was upheld.

5. The problem with the decision and appeal employed by the Defendants is that it is the wrong process under the IAM Constitution. Article L of the IAM Constitution provides"

> SEC. 1. The I.A.M. respects the rights and privileges of its members, officers, and representatives and takes these rights very seriously. Accordingly, Art. L contains due process guarantees and safeguards to protect all members, officers, and representatives from false accusations of wrongdoing."

6. The IAM Constitution then sets forth a detailed trial process. This process is not optional or discretionary. The Plaintiff has been trying to get the Defendants to grant him the trial mandated by the IAM constitution to no avail.

7. This case is brought under the Labor-Management Reporting and Disclosure Act of 1959. 29 U.S.C. 401 states:

> SEC. 2. (a) The Congress finds that, in the public interest, it continues to be the responsibility of the Federal Government to protect employees' rights to organize, choose their own representatives, bargain collectively, and otherwise engage in concerted activities for their mutual aid or protection; that the relations between employers and labor organizations and the millions of workers they represent have a substantial impact on the commerce of the Nation; and that in order to accomplish the objective of a free flow of commerce it is essential that labor organizations, employers, and their officials adhere

>to the highest standards of responsibility and ethical conduct in administering the affairs of their organizations, particularly as they affect labor-management relations.

8. Based on this, the Plaintiff seeks an order from the Court directing the Defendants to provide him with the Article L trial mandated by the IAM Constitution.

## FACTUAL ALLEGATIONS

9. The Plaintiff, David Atkinson, is a natural person residing in Las Vegas Nevada. And is an Employee as defined by 29 U.S.C. 402 Sec. 3 (f) being an individual who has been excluded or expelled from a labor organization in any manner or for any reason inconsistent with the requirements of this Act.

10. Until February 5, 2016, the Plaintiff was the duly elected Secretary-Treasurer of the International Association of Machinists and Aerospace Workers, District Lodge 141.

11. The Defendant , the International Association of Machinists and Aerospace Workers is a Labor Organization as defined by 29 U.S.C. 402 Sec. 3 (i) as it is a labor organization engaged in an industry affecting commerce and includes any organization of any kind, any agency, or employee representation committee, group, association, or plan so engaged in which employees participate and which exists for the purpose, in whole or in part, of dealing with employers concerning grievances, labor disputes, wages, rates of pay, hours, or other terms or conditions of employment, and any

conference, general committee, joint or system board, or joint council so engaged which is subordinate to a national or international labor organization, other than a State or local central body.

12. International Association of Machinists and Aerospace Workers, District Lodge 141 is located at 1771 Commerce Drive, Suite 103, Elk Grove Village, IL 60007-2139.

13. The Defendant, Dora Cervantes is the current General Secretary Treasurer of the International Association of Machinists and Aerospace Workers.

14. The Defendant, Mike Klemm, is the President and Directing General Chairman of the International Association of Machinists and Aerospace Workers, District Lodge 141.

15. The Parties to this action and the events alleged herein are governed by the Constitution of the International Association of Machinists and Aerospace Workers dated January 1, 2013.

16. On January 11, 2016, the Plaintiff received a letter from William B. Cashion Jr., the IAMAW Grand Lodge Auditor, stating that "There appears to be a shortage of funds attributable to you as Secretary-Treasurer of District Lodge 141." Attached hereto as Exhibit 1 and incorporated by reference.

17. On February 5, 2016, the Plaintiff received a letter from Dora Cervantes, the current General Secretary Treasurer of the International Association of Machinists and Aerospace Workers, District Lodge 141. The letter provided in part "In accordance with the provisions of Article VII, Section 5 of the IAM Constitution and the IAM's shortage policy, and in order to secure and

preserve the remaining assets of the lodge, you are hereby suspended from your position, without pay, and you are permanently disqualified from holding any office or representing members of the IAM in any capacity unless such rights are reinstated by the IAM Executive Council." Attached hereto as Exhibit 2 and incorporated by reference.

18. The letter in Paragraph 17 also provided: "If you wish to request a hearing on your suspension and permanent disqualification, you may do so by writing to me within ten (10) days of your receipt of this notice. If you request a hearing, I will schedule one before one of my staff representatives who was not involved with the investigation of the shortage. This hearing will be held as soon as possible, but in no case less than five (5) days from the date you are notified of the hearing so that you have sufficient time to prepare your evidence and arguments. If you wish, you may be represented by a member of the 1AM. You (or your representative) will be permitted to cross-examine GLA Cashion, to present witnesses and documentary evidence on your behalf and to explain why you do not believe that the shortage finding is correct."

19. The Plaintiff appealed as instructed in the letter.

20. On September 15, 2016, the Plaintiff received a letter from Dora Cervantes which stated: On June 20, 2016, you appealed your suspension to the 1AM Executive Council. At their recent meeting, the Executive Council carefully reviewed the full record in this case and concluded that there was no basis to grant your appeal. No member of the Executive Council involved in this

case or who participated in the matter at earlier stages participated in the decision on appeal. Therefore, the decision to permanently disqualify you from holding office or representing IAM members in any capacity pursuant to Article VII, Section 5, of the IAM Constitution is upheld." Attached hereto as Exhibit 3 and incorporated by reference.

21. The Plaintiff continued to exhaust his internal remedies and finally on January 17, 2018 he demanded an Article L hearing in a letter to the Defendant, Robert Martinez Jr., International President.

22. On February 8, 2018, the Defendant, Robert Martinez Jr., International President sent a letter to the Plaintiff which stated"

> On January 17, 2018, I received your letter requesting a hearing under Article L of the 1AM Constitution. You requested a hearing before the IAMAW Grand Lodge to review events surrounding your removal from the District Lodge 141 Secretary-Treasurer office.
>
> I have very carefully reviewed your letter and I must deny your request for a hearing under Article L. Article L, Section 13 states that any appeal shall be made within 30 days of any verdict. Your original hearing was in 2016 and the time to appeal has passed.
>
> Your request for an Article L hearing is hereby denied.
>
> By copy of this letter I am now considering this case to be resolved.

Attached hereto as Exhibit 4 and incorporated by reference.

DEMAND FOR RELIEF

As the Defendants have refused to comply with the provisions of Article L of the IAM Constitution which they are bound by, the Plaintiff respectfully requests that this honorable court issue an injunction directing them to hold the Article L hearing mandated by the Constitution as set forth above.

Dated this 15th Day of May 2019.

By __s/ Scott A. Meiklejohn____
Scott A. Meiklejohn
1626 Washington St.
Denver CO 80203
Telephone 303-257-2438
Fax 303-648-5532
scott@meiklejohn-law.com